IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JENNIFER KAYE BYERS, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:09-CV-1792-D |
| VS. § | |
| § | |
| NAVARRO COUNTY, et al., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Jennifer Kaye Byers ("Byers")[1] brings this civil action against several defendants arising from her pretrial detention in the Navarro County Jail. She asserts an excessive force claim under 42 U.S.C. § 1983 and a pendent state-law claim for assault and battery. Defendants move for summary judgment, and Byers moves for a continuance, contending that she cannot respond adequately to the motion without complete discovery responses. The court grants the motion and directs that Byers file her summary judgment response, brief, and appendix no later than 60 days after the magistrate judge files her order deciding Byers' motions to compel.

II

Under Fed. R. Civ. P. 56(d) (formerly Rule 56(f)), a summary judgment nonmovant can obtain a continuance of her obligation to respond to the motion, provided she "shows by affidavit or declaration that, for specified reasons, [she] cannot present facts essential to

---

[1] Plaintiff's first name is also spelled "Jenniffer" in certain documents.

justify [her] opposition." To warrant a continuance for purposes of obtaining discovery, "the party must indicate to the court by some statement . . . why [she] needs additional discovery and *how* the additional discovery will create a genuine issue of material fact." *Stults v. Conoco, Inc.*, 76 F.3d 651, 657-58 (5th Cir. 1996) (internal quotation marks omitted) (quoting *Krim v. BancTexas Grp., Inc.*, 989 F.2d 1435, 1442 (5th Cir. 1993)).

Rule 56(d) functions as a safe harbor that has been built into the rules so that summary judgment is not granted prematurely. *See, e.g., Union City Barge Line v. Union Carbide Corp.*, 823 F.2d 129, 136 (5th Cir. 1987). It is usually invoked when a party claims that it has had insufficient time for discovery or that the relevant facts are in the exclusive control of the opposing party. *Id.* "Given the precautionary nature of the rule, these requests ordinarily are treated and reviewed liberally. Technical, rigid scrutiny of a Rule [56(d)] motion is inappropriate." *Id.* "[Rule 56(d)] motions are broadly favored and should be liberally granted." *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006) (citing *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991)).

Nevertheless, it is not sufficient for a summary judgment nonmovant to allege that discovery is incomplete or that it will produce needed but unspecified facts. *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285-88 (5th Cir. 1985). Rule 56(d) offers relief where the nonmovant has not had a full opportunity to conduct—not to complete—discovery. The two concepts are distinct. *See McCarty v. United States*, 929 F.2d 1085, 1088 (5th Cir. 1991) (per curiam) (rejecting nonmovant's contention that district court abused its discretion by failing to permit him to complete discovery before granting summary judgment, and holding

that "Rule 56 does not require that discovery take place before granting summary judgment."). To be entitled to discovery, the party must demonstrate "how the additional time will enable [her] to rebut the movant's allegations of no genuine issue of fact." *Washington*, 901 F.2d at 1286 (internal quotation marks omitted) (quoting *Weir v. Anaconda Co.*, 773 F.2d 1073, 1083 (10th Cir. 1985)). A nonmovant is not entitled to a continuance if she "fail[s] to explain what discovery she did have, why it was inadequate, and what she expected to learn from further discovery" and gives only "vague assertions of the need for additional discovery." *Bauer v. Albemarle Corp.*, 169 F.3d 962, 968 (5th Cir. 1999) (internal quotation marks omitted) (quoting *Union City Barge Line*, 823 F.2d at 136-37; *Reese v. Anderson*, 926 F.2d 494, 499 n.5 (5th Cir. 1991)).

III

A

The court first considers the adequacy of Byers' statement, in which she "affirm[s] that all facts and statements contained [t]herein are true and correct." P. App. Ex. 2, p. 8.[2] Although the statement does not comply with 28 U.S.C. § 1746, the court considers it sufficient under Rule 56(d). Requests for continuance "ordinarily are treated and reviewed liberally," and "[t]echnical, rigid scrutiny of a Rule [56(d)] motion is inappropriate." *Union City Barge Line*, 823 F.2d at 136. The court accepts Byers' statement as adequate under Rule 56(d) because it is apparent that she intends by her statement to vouch for the truth of

---

[2]The court is citing plaintiff's appendix in this manner because she did not paginate it in the manner that N.D. Tex. Civ. R. 7.1(i)(4) requires.

its contents.³

B

The court concludes next that Byers is entitled to a continuance under Rule 56(d).⁴ Defendants move for summary judgment on three grounds: first, that defendant Navarro County Sheriff's Department ("Sheriff's Department") cannot be held liable under § 1983 because it did not have a policy or practice that caused the constitutional violation in question; second, Byers cannot establish liability based on the Sheriff's Department's failure to train or supervise because the department met state standards for training law enforcement

---

³The court does not suggest that the statement would be sufficient if Byers were offering it to support the introduction of evidence on the merits of defendants' summary judgment motion. *See Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1306 (5th Cir. 1988) ("It is a settled rule in this circuit that an unsworn affidavit is incompetent to raise a fact issue precluding summary judgment." (footnote omitted)); *Brady v. Blue Cross & Blue Shield of Tex.*, 767 F. Supp. 131, 135 (N.D. Tex. 1991) (Fitzwater, J.) (holding that unsworn affidavit is incompetent to raise fact issue precluding summary judgment).

⁴Byers' counsel only presented a vague affidavit, asserting that defendants refused to provide certain documents that would "conclusively establish the liability of the Defendants for Plaintiff injuries," and that "Plaintiff cannot adequately respond to the expert report and opinions used in Defendant's MSJ without these documents." P. App. Ex. 1, p. 2. This deficiency is not fatal, however, because Byers's brief provides more substantive explanations of the need for a continuance. *See, e.g., Wichita Falls Office Assocs. v. Banc One Corp.*, 978 F.2d 915, 919 (5th Cir. 1992) ("Although it is preferred that non-movants present an affidavit to support a continuance of discovery, there is no stringent procedure that will bar litigants access to further discovery.") (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)); *Fontenot*, 780 F.2d at 1194 (noting that nonmovants need only submit an "equivalent statement preferably in writing" that conveys the need for additional discovery); *Arters v. Univision Radio Broad. TX, L.P.*, 2009 WL 1313285, at *8 n.19 (N.D. Tex. May 12, 2009) (Fitzwater, C.J.) (applying the above precedent to hold that plaintiff identified genuine issue of material fact and need for discovery that justified continuance, where such justification was given in the brief and not in the affidavit).

officers and Byers cannot demonstrate a pattern of tortious conduct by inadequately trained employees or an obvious need for training due to a clear and constitutional duty in a usual and recurring situation; and, third, the individual defendants are entitled to qualified immunity because Byers cannot show that one defendant's use of restraints and holding of Byers' head were unreasonable and unnecessary, and because two defendants were not present to witness the head-holding incident. Byers has specified reasons why she cannot present facts essential to justify her opposition to defendants' motion, and she has provided more than unspecified facts or vague assertions about the evidence she expects to find if the court grants a continuance, allows her time to review documents that defendants did not produce until April 25, 2011, and allows the magistrate judge to rule on two pending motions to compel. She has shown that if the motions to compel are granted and her discovery yields the evidence she expects, this proof could raise a genuine issue of material fact regarding whether the Sheriff's Department is subject to § 1983 liability and whether the individual defendants are entitled to qualified immunity.[5]

For example, Byers' motions to compel seek from defendants a mandatory restraint report recording the events that happened in the May 21, 2008 incident, where Byers was allegedly put into chair restraints and a headlock while in jail. Byers maintains that such a

---

[5]This and any other conclusions in this memorandum opinion and order regarding what evidence may be sufficient to create a genuine issue of material fact are reached in the liberal context of Rule 56(d), without considering any specific substantive arguments in the context of the controlling summary judgment standards, and therefore do not suggest that the court will rule in a particular way when addressing the merits of defendants' motion.

report is required under 37 Tex. Admin. Code § 273.6(3)-(5) (West 2011) (Tex. Comm'n on Jail Standards, Restraints). Defendants have not yet produced any documents containing the contents prescribed in 37 Tex. Admin. Code § 273.6, but they also have yet to state that such documents do not exist. Byers' motions to compel are still pending before the magistrate judge, and Byers may obtain relief in the form of compelled production of evidence she has heretofore sought unsuccessfully. *See Lee v. Group 1 Software, Inc.*, 2007 WL 2079748, at *3 (N.D. Tex. July 19, 2007) (Fitzwater, J.) (granting continuance of summary judgment motion where plaintiff maintained that defendant refused to provide responses to discovery and precluded him from being able to present the necessary evidence to oppose motion for summary judgment).

Byers also seeks personnel files and mandatory reports that she contends will indicate that the Sheriff's Department maintained a policy or custom that violated safeguards for humane treatment set in place under 37 Tex. Admin. Code § 273.6, that the Sheriff's Department failed to train its employees in preparation for a recurring situation that endangers inmates' constitutional rights, and that defendants used excessive force or permitted excessive force to occur that was objectively unreasonable rather than a good faith effort to maintain or restore discipline. Byers contends that the reports mandated by 37 Tex. Admin. Code § 273.6, coupled with any additional deposition testimony or medical documentation of injury that Byers would be able to obtain with additional time for discovery, would yield evidence to dispute whether defendants applied or permitted the use of force to occur in a good faith effort to maintain or restore discipline, or whether the force

used was excessive to the need and objectively reasonable. The personnel files that Byers seeks were not produced until April 25, 2011. Her expert needs time to rewrite his report. Byers also maintains that defendants' personnel files and reports of the May 21, 2008 restraint incident will rebut defendants' contention that there has been no pattern of tortious conduct by inadequately trained county employees and no obvious need for training arising from a clear constitutional duty in a usual and recurring situation. For example, Byers notes that the personnel files of one of the named defendants indicates that she had been terminated for slapping an inmate in an unrelated incident. She also posits that the files and reports cited by defendants' expert contradict the conclusion that defendants complied with all statutory duties and jail standards. If, for example, the personnel files reveal a pattern of applying excessive force, multiple instances of inmate mistreatment, and frequent use of restraints in subduing or punishing inmates at the facility, this evidence may be sufficient to raise a genuine issue of material fact regarding whether the county adequately trained its employees and whether the county's failure to train amounted to deliberate indifference. If the individual defendants' personnel files contain evidence of frequent uses of chair restraints that corroborate Byers' assertion that she was often placed in chair restraints, this evidence may create a genuine issue of material fact on whether the need for more training on the use of restraints was obvious enough for the failure to train to constitute deliberate indifference, and whether the type of incident that occurred on May 21, 2008 was common enough that a particular employee would be certain to face such an incident as a recurrent situation.

      Byers intends to have her expert reconsider his report given the recent production of

the files on which defendants' expert relied to create her report. Because defendants' expert stated that she reached her opinion after a review of these files, any contradictory information contained in the files may be usable to challenge the expert's conclusions that no information in the record she analyzed indicated that jail officers or deputies of the Sheriff's Department were inadequately trained or supervised, that the employees had a rational basis for their belief that use of force was necessary, or that Navarro County did not have a policy, custom, or practice of tolerating excessive force or failing to train or supervise employees.

* * *

Accordingly, the court grants Byers' motion for a continuance.[6] She must file her summary judgment response, brief, and appendix no later than 60 days after the magistrate judge files her order deciding Byers' motions to compel.[7]

**SO ORDERED**.

June 30, 2011.

                                                              _____
                                                              SIDNEY A. FITZWATER
                                                              CHIEF JUDGE

---

[6]The court expresses no opinion on whether the magistrate judge should or should not grant the motions to compel.

[7]Not all of the arguments presented in defendants' motion for summary judgment will be affected by the motions to compel or the presentation of new evidence. Nevertheless, the court elects to defer consideration of defendants' motion for summary judgment until it can consider defendants' motion in its entirety.