IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JENNIFER KAYE BYERS,                     §
                                         §
                    Plaintiff,           §
                                         §  Civil Action No. 3:09-CV-1792-D
VS.                                      §
                                         §
NAVARRO COUNTY, et al.,                  §
                                         §
                    Defendants.          §

MEMORANDUM OPINION
AND ORDER

        Plaintiff Jennifer Kaye Byers ("Byers") moves for leave to redepose several witnesses

and to take depositions that exceed the ten deposition limit.  Byers also seeks sanctions in the

form of leave to take these depositions, attorney's fees, and costs.  Concluding that she has

failed to demonstrate that she is entitled to this relief, the court denies the motions.[1]

I

        Byers sues several defendants under 42 U.S.C. § 1983 and on a pendent state-law

claim alleging use of excessive force and assault and battery.  Almost three months after the

court-ordered discovery deadline expired, Byers filed motions to compel disclosure and a

request for sanctions, seeking, *inter alia,* the production of documents forming the basis of

defendants' expert witness report ("expert documents").  The court referred the motions to

_____

        [1]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written
opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[]
issued by the court" because it "sets forth a reasoned explanation for [the] court's decision."
It has been written, however, primarily for the parties, to decide issues presented in this case,
and not for publication in an official reporter, and should be understood accordingly.

the magistrate judge. While the magistrate judge was considering these motions, defendants produced the expert documents on April 25, 2011. Byers filed the instant motions on June 30, 2011. On July 1, 2011 the magistrate judge denied Byers' motion to compel the expert documents as moot and denied the request for sanctions on the basis that Byers had failed to diligently prosecute her case. Defendants have not responded to Byers' motions, and they are now ripe for decision.

## II

### A

"A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2) . . . if . . . the deposition would result in more than 10 depositions . . . [or] . . . the deponent has already been deposed in the case." Fed. R. Civ. P. 30(a)(2). Rule 26(b)(2)(C) provides that a court must limit the frequency or extent of discovery if it determines that

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

B

Byers moves for leave to redepose nine witnesses, contending that they were deposed before defendants produced the expert documents. She maintains that she would have conducted a better examination and impeachment of the witnesses had she had the expert documents at the time the depositions were conducted. She cites as an example that she would have asked Brenda O'Pry ("O'Pry") about matters in her personnel file, such as how O'Pry was allegedly terminated for slapping a prisoner, and whether an investigation was conducted in this case.

The court denies Byers' motion for leave to redepose witnesses. Byers' inability to meaningfully depose the witnesses was caused, at least partially, by her own failure to diligently prosecute the case. *Cf. Martin v. Fid. Nat'l Title Ins. Co.*, 2011 WL 3349843, at *4 (E.D. La. Aug. 3, 2011) (permitting redeposition limited to newly produced material because movant was diligent in seeking information and other party caused discovery failure). As the magistrate judge found, Byers had ample opportunity to obtain this discovery but "did not request these documents until after nearly eight months had lapsed since the designation of the expert and more than three months after the discovery deadline had passed." July 1, 2011 Order at 5.[2] Moreover, the burden or expense of the proposed discovery outweighs its likely benefit. Instead of redeposing the witnesses, Byers may examine them at trial, which is less burdensome in the specific circumstances of this lawsuit.

_____

[2]Byers did not seek review of the magistrate judge's order, and it is now the law of the case.

- 3 -

C

Byers also seeks leave to depose eight additional witnesses—which exceeds the ten deposition limit of Rule 30(a)(2)(A)(i)—on the basis that the case is complicated.  She posits that the witnesses "will document the nature and cause of [her] facial injuries," "the fact that [she] had made a complaint," and that the examining doctor referred her to an outside physician but that Navarro County opted instead to release her.  P. Br. 4-5.

The court denies Byers' motion.  A party seeking to take more than ten depositions must "show the necessity of all the depositions she took in reaching the prescribed limit." *Barrow v. Greenville Indep. Sch. Dist.*, 202 F.R.D. 480, 483 (N.D. Tex. 2001) (Fitzwater, J.). And "[t]he mere fact that more than ten individuals may have discoverable information in a case does not mean that taking more than ten depositions makes sense." *United States v. Goertz*, 2010 WL 2900309, at \*1 (W.D. Tex. July 20, 2010).  Because Byers has failed to show the necessity of each of the depositions she took in reaching the prescribed limit, the court denies this motion.

III

The court denies Byers' request for sanctions as moot.  The magistrate judge's order refused Byers' request for sanctions because she "fail[ed] to diligently prosecute her case." July 1, 2011 Order at 5.  The request for sanctions also fails because Byers' motion for leave was denied.

\*     \*     \*

For the reasons explained, the court denies Byers' June 30, 2011 motion for leave to retake depositions and take additional depositions, and request for sanctions.

**SO ORDERED.**

September 19, 2011.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE