IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JENNIFER KAYE BYERS,<br><br>　　　　Plaintiff,<br><br>VS.<br><br>NAVARRO COUNTY, et al.,<br><br>　　　　Defendants. | §<br>§<br>§<br>§ Civil Action No. 3:09-CV-1792-D<br>§<br>§<br>§<br>§<br>§ |

MEMORANDUM OPINION
AND ORDER

Defendant Brenda O'Pry ("O'Pry"), formerly Brenda Aulds ("Aulds"), moves to dismiss plaintiff's action under Fed. R. Civ. P. 12(b)(5) for insufficient service of process. For the reasons that follow, the court denies the motion.

I

Plaintiff Jennifer Kaye Byers ("Byers") filed this suit on September 25, 2009 against several defendants, alleging an excessive force claim under 42 U.S.C. § 1983 and a pendent state-law claim for assault and battery based on events occurring during her pretrial detention in the Navarro County jail on or about March 12, 2008. On April 27, 2010 the court granted Byers' motion to substitute Aulds as a defendant. Byers filed her first amended complaint on April 30, 2010, naming Aulds as a defendant. After learning that Aulds had changed her last name to O'Pry, Byers filed a second amended complaint on May 5, 2010, naming O'Pry as a defendant. Byers' counsel, Richard G. Danner, Jr., Esquire ("Danner"), obtained a summons from the clerk of court, but Byers but did not serve O'Pry for over one year.

On June 9, 2011 the court ordered Byers to demonstrate good cause for failing to effect service on O'Pry. Byers filed a timely response and motion to enlarge time to serve O'Pry. On July 5, 2011, before the court addressed Byers' response to the court's order, Byers served O'Pry. In response, O'Pry filed the instant motion to dismiss.[1]

## II

### A

It is undisputed that Byers failed to timely serve O'Pry.[2] Under Rule 12(b)(5), a defendant can seek dismissal of a case for insufficient service of process. The serving party bears the burden of proving the validity of service or good cause for failure to timely serve.

---

[1] Byers has responded to O'Pry's motion, but O'Pry has not filed a reply brief within the time permitted by the local civil rules. The motion to dismiss is now ripe for decision.

[2] Rule 4(m) requires plaintiffs to serve defendants "within 120 days after the complaint is filed." *Id.* Although the Rule does not state whether the 120-day time period restarts when a plaintiff files an amended complaint that adds a party, there is authority for the proposition that it does. *See Smith v. Bell*, 2011 WL 806205, at *13 (E.D. Tex. Jan. 25) (dismissing suit against unserved, later added defendants because "[m]ore than 120 days have passed since the filing of the amended complaint adding these defendants"), *rec. adopted,* 2011 WL 778200 (E.D. Tex. Mar. 1, 2011); *Broussard v. Tex. Dep't of Criminal Justice*, 2006 WL 1517532, at *9 (S.D. Tex. May 30, 2006) (concluding that service was "well within the 120-day time limit," which was necessarily measured according to when amended complaint that added defendant was filed); 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1137, at 377 (3d ed. 2002) ("[A]dding a new party through an amended complaint initiates a new 120-day timetable for service upon the added defendant."); *but see In re Katrina Canal Breaches Consol. Litig.*, 2008 WL 3906760, at *4 (E.D. La. Aug. 26, 2008) (in construing Rule 15(c)(1), providing that 120-day period prescribed by Rule 4(m) began when complaint was filed even though amended complaint added new party). Because it is undisputed that Byers served O'Pry much later than 120 days after Byers filed her complaint and amended complaint, the court not need decide when the 120-day period commenced.

*E.g., Lisson v. ING GROEP N.V.*, 262 Fed. Appx. 567, 569 (5th Cir. 2007) (per curiam); *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990).

"Rule 4(m) permits a district court to dismiss a case without prejudice if the plaintiff fails to serve the defendant within 120 days of filing the complaint." *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citing *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996)). If, however, the plaintiff can establish good cause for failing to effect service, the court must extend the time for service. *Id.* (citing *Thompson*, 91 F.3d at 21). Even if the plaintiff lacks good cause, the court may, in its discretion, extend the time for service. *Id.* (citing *Thompson*, 91 F.3d at 21).

B

Byers maintains that there is good cause for this failure, and that it was due to excusable neglect rather than intentional or conscious indifference. Danner avers that he was unable to obtain O'Pry's current address because she had changed her name, relocated her residence, failed to provide her change of address, and changed employment. Danner asserts that he periodically checked on the status of service on O'Pry, but he acknowledges that he became busy and overlooked the fact that she had not been served. O'Pry maintains that Byers lacks good cause because Danner had the opportunity and sufficient information to effect service. She points out that Danner deposed her on September 22, 2010, and that she testified that she was employed with the Rice Police Department. Nonetheless, Danner did not attempt to serve her at the deposition or at her place of employment. O'Pry also posits that Danner's contention that he could not obtain her current address lacks merit because he

was able to request her current home address at her deposition.

The court concludes that Danner's failure to monitor service was the result of inadvertence, and therefore insufficient to establish good cause. *See, e.g., Gartin v. Par Pharm. Cos.*, 289 Fed. Appx. 688, 692 (5th Cir. 2008) (per curiam) ("'[G]ood cause' . . . requires 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" (citing *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995)). Although it was likely more difficult to locate O'Pry due to the changes in her name, residence, and employment, the court in determining cause is to examine Byers' actions, not O'Pry's, during the requisite period. *See Brown v. Premium Food Concepts, Inc.*, 2010 WL 1838644, at *2 (E.D. La. May 5, 2010) (citing *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985)).

### III

Although Byers has failed to demonstrate good cause, the court must still decide whether it should exercise its discretionary power and extend the time for Byers to effect service on O'Pry.

### A

Relief from dismissal under Rule 4(m) "may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." Rule 4(m) advisory committee's note (1993 amendment, subdivision (m)). Byers requests in the alternative that the court in its

discretion extend the time for service on the grounds that the statute of limitations will likely preclude her from refiling her claims and that "O'Pry was evading service," as shown by the changes in her name, employment, and residence. P. Br. 6. Byers maintains O'Pry will not be prejudiced by the late service because the same law firm represents all the defendants, it will not delay the case because the trial has been continued to November 14, 2011, and Byers has already deposed O'Pry.[3]

B

The court's discretion to dismiss a case under Rule 4(m) is limited when the statute of limitations will likely bar refiling the suit. *See, e.g., Millan*, 546 F.3d at 326. Such a dismissal is considered a dismissal with prejudice. *Id.* "[D]ismissal with prejudice is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *Id.* (internal quotation marks omitted) (citing *Gray v. Fid. Acceptance Corp.*, 634 F.2d 226, 227 (5th Cir. Jan. 1981)). The delay must be more than a few months and "must be characterized by significant periods of total inactivity." *McGrew v. McQueen*, 415 Fed. Appx. 592, 596 (5th Cir. 2011) (per curiam) (quoting *Millan*, 546 F.3d at 327). Dismissals with prejudice are generally reserved for "egregious and sometimes outrageous delays" by the plaintiff that threaten the integrity of the judicial process and often prejudice the defense. *Millan*, 546 F.3d at 327

---

[3] While O'Pry asserts specific facts in support of her argument that Byers lacks good cause, O'Pry does not explicitly refer to any arguments against Byers' request for the court, in its discretion, to extend service. The court will assume that O'Pry intends to also apply the force of her arguments regarding the lack of good cause to this section.

(quoting *Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982)). "'[I]t is not a party's negligence—regardless of how careless, inconsiderate, or understandably exasperating—that makes conduct contumacious; instead it is the "stubborn resistance to authority" which justifies a dismissal with prejudice.'" *Id.* (quoting *McNeal v. Papasan*, 842 F.2d 787, 792 (5th Cir. 1988)). When the Fifth Circuit "has affirmed dismissals with prejudice, it has generally found at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Id.* at 326 (brackets in original) (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)).

C

Dismissal of this case for failure to timely serve O'Pry would operate as a dismissal with prejudice of the claims against O'Pry because the limitations period on Byers' § 1983 and pendent state-law claims have expired. The statute of limitations for a § 1983 action brought in a federal court sitting in Texas is two years. *E.g., Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006) (citing Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (West 2002)). Byers' pendent state-law claim for assault and battery is also governed by the two-year limitations period prescribed by § 16.003(a) because it is a personal injury claim. According to Byers' complaint, her lawsuit is based on events that occurred on or about March 12, 2008. Therefore, even if the court dismisses her suit against O'Pry *without* prejudice, it would have the effect of being a dismissal *with* prejudice due to the operation of the statute of limitations.

The court holds that dismissal *with* prejudice is not warranted.[4] First, although Byers failed to serve O'Pry for over one year (thereby fulfilling the requirement that the delay be over a few months), this failure does not necessarily threaten the integrity of the judicial process, and there is no evidence of prejudice to O'Pry. *See Reynolds v. Dallas Cnty.*, 2009 WL 2591192, at *4 (N.D. Tex. Aug. 21, 2009) (O'Connor, J.) (concluding that, although plaintiff did not serve defendant for over one year, this did not threaten integrity of judicial process). Unlike many cases that have found a clear record of delay, this case is not marked by obstinate refusals by Byers to respond to court orders and extensions. *See, e.g., McGrew*, 415 Fed. Appx. at 596-97 (detailing how plaintiff received multiple extensions but did not file motion for leave to submit summons until almost eight months after second extension); *Gartin*, 289 Fed. Appx. at 694 (noting that plaintiff did not respond to court notice of impending dismissal and instead served defendant seven months after filing suit).

Nor is there evidence of contumacious conduct. Although Byers' counsel failed to diligently monitor service on O'Pry, failed to serve her at her deposition, and failed to note her current place of employment as mentioned in her deposition, his inaction amounted, at most, to negligence, not a "stubborn resistance to authority." *See Millan*, 546 F.3d at 327. This conclusion is supported by Byers' timely response to the court's order requiring Byers to show good cause, and her subsequent service on O'Pry, which occurred within one month of the court's order. *See Reynolds*, 2009 WL 2591192, at *4 (finding no contumacious

---

[4]Because O'Pry did not request an alternative sanction to dismissal, the court declines to determine whether a lesser sanction would better serve the interests of justice.

conduct because when court ordered plaintiff to serve defendant, plaintiff complied).

Finally, O'Pry has neither alleged nor shown an aggravating factor, and the court has found none. In fact, Byers has negated the aggravating factor that considers whether the untimely service will cause actual prejudice to O'Pry. She has pointed out that the same law firm represents all the defendants, she has already deposed O'Pry, and allowing her to proceed against O'Pry will not delay the trial.

D

A dismissal under Rule 4(m) that would effectively be with prejudice is not warranted in this case. The court is unable to find that Byers has exhibited contumacious conduct, that lesser sanctions would not better serve the interest of justice, or that Byers has satisfied any of the aggravating factors. Because Byers has now served O'Pry, the court need not consider the length of additional time it should grant Byers to effect service; instead, the court concludes that Byers effected service within the extension of time that the court would have granted under Rule 4(m).

\* \* \*

For the reasons explained, the court denies O'Pry's July 26, 2011 motion to dismiss for insufficient service of process.

**SO ORDERED.**

September 27, 2011.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE